**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

**JOSIELYN LONG** **PLAINTIFF**

**v.** **No. 5:25-cv-148-BJB**

**OAK GROVE GAMING & RACING, LLC*** **DEFENDANT**

*** * * * ***

**OPINION & ORDER**

*Pro se* Plaintiff Josielyn Long concedes that her lawsuit against her former employer (the Oak Grove Casino) is untimely. She received a right-to-sue letter from the EEOC on June 5, 2025. *See* Complaint (DN 1) at 1 ("On 06/05/2025, I received a Notice of Right to Sue."); *accord* Amended Complaint (DN 11) at 3; Right-to-Sue Letter (DN 1-2) at 1. As the EEOC explained, her claims under Title VII and the Americans With Disabilities Act needed to be "filed WITHIN 90 DAYS of [her] receipt of [that] notice." Right-to-Sue Letter at 1 (emphasis omitted); 42 U.S.C. §§ 2000e-5(f)(1) & 12117(a). Long therefore needed to sue by September 3, 2025. Instead she sued on September 8, 2025. And she admits that her lawsuit was late. *See* MTD Response (DN 19) at 1 ("Plaintiff's complaint was file-stamped after the 90-day period").

Ordinarily, deadlines operate as firm rules, not discretionary standards. Missing them by one day carries the same effect as missing them by one year. And the forgiveness often afforded *pro se* litigants generally does *not* extend to "readily comprehended court deadlines." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). A straightforward application of these rules dooms Long's complaint.

Relying on these principles, the Defendant has moved to dismiss Long's claims as untimely. *See* Motion to Dismiss (DN 14) at 5–7. Rather than assert that her lawsuit *was* timely, Long relies on two purported excuses for her lateness. Neither succeeds.

* The Plaintiff's first complaint (DN 1) named "Oak Grove Gaming & Hotel." Oak Grove responded that its name is, in fact, "Oak Grove Gaming & Racing, LLC." DN 8 at 1. The Plaintiff's second complaint (DN 11) used the correct name. So although the case is captioned *Long v. Oak Grove Gaming & Hotel*, and the docket lists two Defendants, the Plaintiff has apparently sued only one entity.

First, Long insists that she "prepared, signed, and mailed the complaint within the filing period." Response at 1. "[P]roceeding without counsel," she says, she "reasonably believed that mailing the complaint before the deadline satisfied the filing requirement." *Id.* In other words, the so-called "mailbox rule" rendered her complaint timely based on its submission, not its receipt. This is a rational—but ultimately incorrect—understanding of the law, which applies to imprisoned pro se plaintiffs but not others. If a plaintiff is imprisoned, a "complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). For nonprisoner plaintiffs like Long, however, a document submitted by mail is considered filed "only when actually received by the clerk or when placed in the clerk's post office." *Torras Herreria y Construcciones v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir. 1986); *accord Tulis v. Orange*, 686 F. Supp. 3d 701, 705 (M.D. Tenn. 2023). So mailing the complaint before the deadline didn't make it timely.

Second, Long asks for equitable tolling of the deadline. By "act[ing] diligently and in good faith … in attempting to pursue her claims," she did enough for her complaint to be deemed timely. Response at 1. And while preparing the complaint, she explains, she was "dealing with serious medical and disability-related issues." *Id.* In Long's view, these circumstances—combined with her reasonable ignorance of the timing rule—warrant tolling the filing deadline.

Long's one-page response to the Defendant's motion, however, does not make out a case for equitable tolling.

In most situations, "equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561. To measure the appropriateness of tolling "on a case-by-case basis," the Sixth Circuit has articulated five nonexhaustive factors:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). Under these factors, Long hasn't shown unavoidable circumstances or compelling equitable considerations.

**1. & 2.** Long plainly knew (actually, not constructively, knew) of the filing requirement. Her first complaint alleged the deadline and attached the EEOC letter explaining that requirement. *See* Complaint at 1; Amended Complaint at 3; Letter at 1.

**3.** Long asserts that she acted with diligence in the face of major health problems. But her support is thin: two conclusory sentences and alleging only unspecified "serious medical and disability-related issues." Response at 1.

To justify tolling based on unavoidable circumstances, however, a plaintiff's "allegations" must "plausibly demonstrate" the existence of those circumstances. *Wershe v. Detroit*, 112 F.4th 357, 370 (6th Cir. 2024). Here, Long's sparse statements convey very little about her case or her barriers to filing. And a trial judge is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Were the Court to take these conclusory allegations as true, they'd still be too generic to make out a "compelling" case for tolling. *Graham-Humphreys*, 209 F.3d at 561. Even in contexts where courts dispense tolling more freely, after all, "a blanket assertion … is insufficient to toll the statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). Instead, litigants must establish "a causal link between" the "condition" in question and "untimely filing." *Id.* Long's perfunctory reasons give the Court no basis to find tardiness "unavoidabl[e]" thanks to "circumstances beyond [her] control," *Graham-Humphreys*, 209 F.3d at 561.†

**4.** As for the Defendant, prejudice is admittedly slight. Still, for a year of litigation (and counting), Long's adversaries have had to attend to this lingering litigation, file two motions to dismiss, and remain responsive to court orders—all while evidence languishes and memories fade. That imposes some cost, and therefore some prejudice, on the Defendant. And in any event, a defendant's lack of prejudice alone doesn't warrant tolling. *See, e.g.*, *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984).

---

† Nor has Long litigated with diligence since filing her first complaint. Months after she filed, she hadn't served her lawsuit. So the Court ordered her to do so and warned her that failure would result in dismissal. DN 6. Then, when she finally served the complaint and the Defendant timely moved to dismiss, *see* DN 8, Long responded with a belated amendment, *see* DN 12. And when the Defendant filed a second motion to dismiss, Long again missed the deadline to respond. After seven weeks of silence, the Court gave her another month to file, *see* DN 15, but Long missed that deadline too—filing a tardy motion for an extension of time, *see* DN 16. The Court nevertheless granted that motion, and Long finally filed the one-page response at issue here.

**5.** Last, although the Court assumes that Long was, in fact, ignorant of the timing rule, that ignorance wouldn't reasonably justify late filing here. After receiving her right-to-sue letter, Long

> knew that she was required to commence her judicial complaint within a finite period. Irrespective of whether the plaintiff had the benefit of legal counsel or was proceeding *pro se*, a reasonably cautious and prudent Title VII claimant in [her] posture would, as a modest precaution, assume that limitations began passing on or near the earliest potential date, and would consequently initiate her civil action [before then].

*Graham-Humphreys*, 209 F.3d at 561.

If anything, Long should've assumed that the mailbox rule *didn't* apply to her, because her right-to-sue letter emphasized the distinction between sending and receiving—and explained that the latter concept governs timeliness in this area. *See* Letter at 1 ("If you choose to file a lawsuit …, your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice. Receipt generally occurs on the date you … view this document. You should keep a record of the date you received this notice. Your right to sue … will be lost if you do not file a lawsuit in court within 90 days.").

In this case, therefore, tolling the deadline would be inappropriate.

## ORDER

The Court grants the Defendant's motion to dismiss (DN 14).

Benjamin Beaton, District Judge
United States District Court

August 21, 2026